IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BOBBY DOUGLAS,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | Civil Action No. **3:13-CV-2805-L** |
| **CAFE HERRERA IP, LLC AND** | § | |
| **GIL BONIFAZ,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Amend Original Complaint and Substitute Name of Defendant for Name of Real Party in Interest Pursuant to Rules 15(a), 17(a), and 19(a) of the Federal Rules of Civil Procedure (Doc. 28), filed September 10, 2014; and Defendants' Motion to Strike Plaintiff Bobby Douglas's Amended Complaint (Doc. 31), filed September 15, 2014. After considering the motions, briefs, evidence, record, and applicable law, the court **denies** Plaintiff's Motion to Amend Original Complaint and Substitute Name of Defendant for Name of Real Party in Interest Pursuant to Rules 15(a), 17(a), and 19(a) of the Federal Rules of Civil Procedure (Doc. 28); and **denies as moot** Defendants' Motion to Strike Plaintiff Bobby Douglas's Amended Complaint (Doc. 31).

**I.   Background**

Plaintiff Bobby Douglas ("Plaintiff" or "Douglas") brought this action against Defendants Cafe Herrera IP, LLC and Gil Bonifaz ("Defendants") on July 18, 2013, for alleged violations of the Fair Labor Standards Act ("FLSA"). Pursuant to the court's December 17, 2013 Scheduling Order, the case was set for trial on the court's four-week docket beginning October 6, 2014, with joinder

of parties and amendment of pleadings due by March 17, 2014, and pretrial materials due by September 8, 2014.  The deadline for discovery was June 2, 2014.  Plaintiff indicates in his motion to amend that he seeks to amend his pleadings to substitute Herrera's Tex-Mex MBS, LLC as a party for Defendant Cafe Herrera IP, LLC.

## II.     Standard for Amendment of Pleadings After Issuance of Scheduling Order

Before the court can modify a scheduling order and grant leave to amend a pleading under Rule 15(a) of the Federal Rules of Civil Procedure, the movant must first show "good cause" for failure to meet the scheduling order deadline under Rule 16(b). *S & W Enters., L.L.C. v. Southwest Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003) ("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired.").  A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The good cause standard requires the "party seeking relief to show that the deadlines [could not] reasonably be met despite the diligence of the party needing the extension." *S & W Enters*., 315 F.3d at 535 (citation omitted).  "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id.* at 536.  In deciding whether to allow an untimely amendment, a court considers "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (internal quotation marks, brackets, and citations omitted).

## III.    Discussion

Based on the foregoing standard, the court determines that Plaintiff has not shown good cause for the court to amend the existing Scheduling Order and revive the expired pleading and joinder

**Memorandum Opinion and Order - Page 2**

deadlines to allow the proposed amendment. As previously noted, this case is set for trial next week and pretrial materials have been filed. Plaintiff contends that he only recently confirmed on September 5, 2014, that Herrera's Tex-Mex MBS, LLC rather than Defendant Cafe Herrera IP, LLC was his employer, when Defendant produced a Department of Labor Form WH-56. Plaintiff acknowledges, however, that he discovered that he sued the wrong entity on May 29, 2014, during the deposition of Defendant Gil Bonifaz ("Bonifaz"). Plaintiff's May 30, 2014 e-mail to opposing counsel also shows that he requested at that time to amend his pleadings to substitute the proper party. Based on this correspondence, Plaintiff contends that Defendants cannot now claim surprise or prejudice. Plaintiff, however, fails to explain why he waited more than three months after exchanging e-mails with opposing counsel in May before seeking leave to amend his pleadings.

Regarding the importance of the amendment, Plaintiff contends: "The identity of the true employer in this matter is of critical importance to any judgment issued in this matter." Pl.'s Mot. 5. This conclusory assertion, however, is belied by Plaintiff's own pleadings. While Plaintiff specially alleges in his Original Complaint that Bonifaz was his "employer as defined by 29 U.S.C. § 203(d)" during the time in question, he does not similarly allege that Cafe Herrera IP, LLC was his "employer" for purposes of the FLSA. *See* Pl.'s Compl. ¶¶ 4-7. Plaintiff instead merely alleges in passing that he was employed by Defendants:

> 6.  During one or more weeks of *Plaintiff's employment with Defendants*, Plaintiff worked in excess of forty (40) hours (overtime hours).
>
> 7.  During one or more weeks of *Plaintiff's employment with Defendants* wherein Plaintiff worked overtime hours, Defendants failed to pay Plaintiff one and one-half times his regular rate of pay for each overtime hour worked.

*Id.* ¶¶ 6-7 (emphasis added). Plaintiff's proposed amended complaint similarly fails to allege that Herrera's Tex-Mex MBS, LLC was his "employer." Given Plaintiff's failure to specifically allege

**Memorandum Opinion and Order - Page 3**

that either Cafe Herrera IP, LLC or Herrera's Tex-Mex MBS, LLC was his employer and the absence of any factual allegations in his pleadings from which the court could infer that either entity was his employer, the issue of whether either entity was Plaintiff's employer appears to more of an after thought than one that is central to his claim under the FLSA. The court therefore disagrees with Plaintiff's argument that the proposed amendment is critical.

More importantly, Plaintiff provides no explanation as to why he could not have discovered, with the exercise of due diligence, that Herrera's Tex-Mex MBS, LLC was his "employer" for purposes of section 203(d) *before* the expiration of the pleading amendment and joinder deadlines. As requested by the parties, the court set a deadline of May 30, 2014, for discovery. Plaintiff, for whatever reason, waited until May 29, 2014, to depose Bonifaz, and, other than the parties exchanging disclosures, it does not appear that Plaintiff conducted any written discovery before deposing Bonifaz. Accordingly, Plaintiff has not shown that the pleading and party joinder deadlines could not reasonably have been met despite the exercise of diligence.

The court also disagrees with Plaintiff's contention that it was Defendants' responsibility to raise the issue with the court. As the plaintiff in this case and the party who initiated the action, it is Douglas's responsibility, not Defendants', to diligently prosecute his claims. Moreover, given the timing of the motion to amend and Plaintiff's delay in waiting until after the parties filed their pretrial materials, the court concludes that Defendants would be prejudiced by Plaintiff's last-minute request to amend his pleadings to substitute a party. Contrary to Plaintiff's assertion, allowing him to amend at this juncture will delay the trial of this case because service would need to be effected on Herrera's Tex-Mex MBS, LLC; Defendants would have to be given time to answer or otherwise respond to the amended pleading; and the court would need time to rule on a motion to dismiss if

**Memorandum Opinion and Order - Page 4**

one was filed. Further, even if additional discovery is not needed, Defendants will have to prepare and file amended pretrial materials. "District judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case." *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997) (citation omitted). A continuance in this case is not warranted and will unnecessarily delay the trial of this case for several months.

For all of these reasons, Plaintiff has not established good cause, and the court will not amend its Scheduling Order to revive the pleading and joinder deadlines for the purpose of allowing Plaintiff to amend his pleadings at this late juncture.

**IV.   Conclusion**

For the reasons stated, the court **denies** Plaintiff's Motion to Amend Original Complaint and Substitute Name of Defendant for Name of Real Party in Interest Pursuant to Rules 15(a), 17(a), and 19(a) of the Federal Rules of Civil Procedure (Doc. 28); and **denies as moot** Defendants' Motion to Strike Plaintiff Bobby Douglas's Amended Complaint (Doc. 31).

**It is so ordered** this 2nd day of October, 2014.

                                                              Sam A. Lindsay
                                                              United States District Judge